## Rue Estate

*Lindenmuth & Class*, for petitioner.
*Robertson & Turner*, for respondent.

VAN RODEN, P. J., August 2, 1950.—This is a petition filed on behalf of Leroy K. Harris, an adult son of decedent, claiming a statutory exemption of $500 pursuant to section 12 of the Fiduciaries Act of June 7, 1917, 20 PS §471. The petition is opposed by decedent's son, Charles E. Harris, who is also administrator of the estate, on the ground that he is likewise entitled to share in the exemption.

The facts, as stipulated by the parties, are that decedent, a widow, died intestate on May 14, 1949; that Leroy K. Harris resided with his mother in the Borough of Darby, Delaware County, Pa., at the time of her death; and that Charles E. Harris did not reside with his mother at the time of her death, but resided in a separate household in Philadelphia, Pa.

The act of assembly provides that where there is no widow entitled to the statutory exemption, "then the children forming part of the family of any decedent . . . may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate to the value of five hundred dollars".

In Oxenreider's Estate, 41 D. & C. 313 (1941), it was held that an adult child living with decedent at the time of decedent's death is entitled to the exemption even though not dependent on decedent.

Similarly, in Reed's Estate, 41 D. & C. 89 (1941), it was held that a claimant to the $500 exemption need establish only that he or she is a child of decedent and formed part of decedent's family at the time of the latter's death, and in such case the sum is paid without regard to the needs of claimant or the equities of the case.

In Moore's Estate, 56 Montg. 336 (1940), it was held that the one and only test in determining the right of a child of decedent to the $500 exemption from the parent's estate is whether or not the child formed part of decedent's family at decedent's death, and that whether or not the child is dependent on the deceased parent, is an adult or a minor, or is married or unmarried, has no bearing.

In Gravatt's Estate, 50 D. & C. 679 (1944), it was held that the statutory exemption is not confined to the case of an estate of a deceased father, and that an adult child forming part of the family of his widowed mother at the time of her death is entitled to an exemption out of her estate.

In Gehringer's Estate, 10 D. & C. 279 (1928), where decedent was survived by three children, two of whom formed part of his household at the time of his decease, one being a minor and the other of age, the court divided the exemption between the two children

who were a part of the family, but excluded a third child who was married and lived away from home.

In the instant case, where the contest is between an unmarried adult son who resided with his mother at the time of her death, and another adult son who is married and resides in a separate household in Philadelphia, the court is bound to conclude that the unmarried son formed part of the family of decedent, within the meaning of the act of assembly, whereas the other son did not. Accordingly, the court holds that Leroy K. Harris is solely entitled to the $500 exemption or any part thereof. The court therefore enters the following

## Decree

And now, to wit, August 2, 1950, it is hereby ordered, adjudged and decreed as follows:

1. Leroy K. Harris, son of decedent, is entitled to the child's exemption of $500 under section 12 of the Fiduciaries Act of 1917, 20 PS §471.

2. The appraisement of certain personal property of decedent, hereinafter set forth, is hereby confirmed by the court:

| | |
|---|---:|
| Westinghouse television set | $100.00 |
| One chip diamond ring | 40.00 |
| Fur coat | 150.00 |
| Secretary | 40.00 |
| Kelvinator electric refrigerator | 100.00 |
| Electric toaster | 7.00 |
| Cash | 63.00 |
| Total | $500.00 |

3. The personal property so appraised is hereby set apart and awarded to Leroy K. Harris as and for his child's exemption, and Charles E. Harris, administrator of the estate of Gertrude H. Rue, deceased, is hereby ordered and directed to transfer,

turn over and deliver this personal property to Leroy K. Harris.

4. The parties shall bear their respective costs.